IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 4:12CV3198 |
| | ) | |
| v. | ) | |
| | ) | |
| ANITA K. MCFARLAND, | ) | MEMORANDUM AND ORDER ON |
| Individually, and as an officer, | ) | DEFENDANTS' MOTION TO |
| director, shareholder and/or principal | ) | DISMISS |
| of Bugeater Investments, Inc., | ) | |
| BRYAN A. MCFARLAND, | ) | |
| Individually, and as an officer, | ) | |
| director, shareholder and or principal | ) | |
| of Bugeater Investments. Inc, and | ) | |
| BUGEATER INVESTMENTS, INC., | ) | |
| Individually, and as an officer, | ) | |
| director, shareholder, and/or principal | ) | |
| d/b/a The Waterin Hole, | ) | |
| | ) | |
| Defendants. | | |

On September 19, 2012, Joe Hand Promotions, Inc., filed a three-count complaint against Anita K. McFarland, Bryan A. McFarland, and Bugeater Investments, Inc. d/b/a The Watering Hole West (collectively, "the defendants"). (ECF No. 1.) Bryan McFarland has moved to dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) For the following reasons, his motion will be denied.

1

## I. BACKGROUND

The complaint alleges as follows. Joe Hand Promotions is a Pennsylvania corporation with its principal place of business located in Feasterville, Pennsylvania. (Compl. ¶ 4, ECF No. 1.) Anita and Bryan McFarland are residents of the State of Nebraska. (Id. ¶ 5.) They are "officers, directors, shareholders and/or principals of Bugeater Investments, Inc., d/b/a The Watering Hole West ("The Watering Hole West"), which is alleged to be a Nebraska corporation, a Nebraska partnership, a Nebraska sole proprietorship, and a "business entity" located in Lincoln, Nebraska. (Id. ¶¶ 6, 9-12.) Anita and Bryan McFarland had "supervisory capacity and control" over the activities occurring within The Watering Hole West on September 19, 2009, (id. ¶ 7), and they "received a financial benefit from the operations" of the establishment on that date, (id. ¶ 8).

Joe Hand Promotions obtained via contract the right to distribute the broadcast of UFC 103: Franklin v. Belfort (hereinafter "the Broadcast") on September 19, 2009, via closed circuit television and encrypted satellite signal. (Id. ¶ 14.) "The Broadcast originated via satellite uplink" and was then re-transmitted by Joe Hand Promotions to cable systems and satellite companies via satellite signal. (Id. See also id. ¶ 18.) "[V]arious entities [in] the State of Nebraska" entered into agreements with Joe Hand Promotions to allow them to "exhibit the Broadcast to their patrons." (Id. ¶ 15.) To fulfill these agreements, Joe Hand Promotions "expended substantial monies to transmit the Broadcast to those entities in the State of Nebraska." (Id. ¶ 16.)

Knowing that the Broadcast was not to be received and exhibited by entities without authorization to do so, the defendants "and/or their agents, servants, workmen and/or employees" unlawfully intercepted the Broadcast using either a satellite or a cable system and exhibited it at their establishment "for purposes of direct or indirect

commercial advantage or private financial gain." (Id. ¶ 17; see also id. ¶ 30.)

In Count I of its complaint, Joe Hand Promotions alleges that the defendants' conduct constitutes a willful violation of 47 U.S.C. § 605. (See id. ¶¶ 13-23.) In Count II, it alleges that the defendants committed a willful violation of 47 U.S.C. § 553. (See id. ¶¶ 24-30.)[1] In Count III, it alleges that by "intercepting, exhibiting, publishing, and divulging the Broadcast," the defendants wrongfully converted the Broadcast for their own use and benefit. (See id. ¶¶ 31-34.)

On May 8, 2013, Bryan McFarland filed a motion to dismiss Joe Hand Promotions' claims. (See generally Def.'s Mot., ECF No. 13.) Citing Federal Rule of Civil Procedure 12(b)(6), Bryan McFarland argues that the complaint fails to state a claim against him because he "has never been an owner, principal, or shareholder of Bugeater Investments, Inc.," he has not been an officer or director of Bugeater Investments since 2003, and he "did not exercise any supervisory control at The

---

[1] In relevant part, § 605 states, "No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, [or] substance . . . of such intercepted communication to any person. No person not being entitled thereto shall receive . . . any interstate or foreign communication by radio and use such communication . . . for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a). Section 553 states, in relevant part, that "[n]o person shall intercept or receive . . . any communications service offered over a cable system, unless specifically authorized to do so." 47 U.S.C. § 553(a)(1). In short, § 605 is directed at radio transmissions, while § 553 is directed at transmissions by cable. Both statutes authorize an "aggrieved" person to bring a civil action. See 47 U.S.C. §§ 553(c), 605(e).

Joe Hand Promotions alleges that the defendants did not violate both § 553 and § 605, but it cannot identify which of the two statutes was violated without further discovery or an admission by the defendants. (See Compl. ¶ 30, ECF No. 1.)

Watering Hole West" on the relevant date. (Def.'s Mot. at 2, ECF No. 13.) In support of his arguments, he relies on a copy of separation decree dated November 6, 2003, (see Def.'s Mot., Ex. A), and a set of documents showing that he was not an officer or director of Bugeater Investments at any relevant time, (see Def.'s Mot., Ex. B).[2]

## II. STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8 requires that a complaint present 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Also, although a court must accept as true all factual allegations when analyzing a Rule 12(b)(6) motion, it is not bound to accept as true legal conclusions that have been framed as factual allegations. See id. ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). See also Cook v. ACS State & Local Solutions, Inc., 663 F.3d 989, 992 (8th Cir. 2011).

---

[2] Bryan McFarland also submitted three additional exhibits with his reply brief. (See Def.'s Reply Br., Exs. C-E, ECF No. 16.)

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557) (internal quotation marks omitted). In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (brackets omitted).

### III. ANALYSIS

Bryan McFarland's motion to dismiss is based on documents outside the pleadings that, according to McFarland, establish the falsity of some of Joe Hand Promotions' factual allegations. These documents cannot be considered without converting Bryan McFarland's motion to dismiss into a motion for summary judgment. See, e.g., Brooks v. Midwest Heart Group, 655 F.3d 796, 799-800 (8th Cir. 2011) ("Consideration on a motion under Rule 12(b)(6) is limited to initial pleadings, and if the court considers matters outside the pleadings, the motion must be treated as one for summary judgment under Rule 56."); Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to

present all the material that is pertinent to the motion."). I have "complete discretion to determine whether or not to accept any material beyond the pleadings," Stahl v. United States Dep't of Agriculture, 327 F.3d 697, 701 (8th Cir. 2003), and because this case is in its infancy and no discovery has yet been conducted, I decline to accept Bryan McFarland's exhibits at this time.[3]

As noted in Part I, the complaint alleges that Bryan McFarland had a financial interest in, and supervisory control over, the establishment in question on the relevant date; that he unlawfully intercepted Joe Hand Promotions' signal; and that he exhibited the Broadcast "willfully and for the purposes of direct or indirect commercial advantage or private financial gain." I must take these allegations to be true, and I find that they are sufficient to show plausibly that Bryan McFarland willfully violated 47 U.S.C. § 553 and/or § 605. See, e.g., J & J Sports Productions, Inc. v. Scarato, No. 4:07CV2058, 2008 WL 2065195, at *2 (E.D. Mo. May 14, 2008) (denying defendant's Rule 12(b)(6) motion based on similar allegations). The allegations are also sufficient to show plausibly that Bryan McFarland committed the tort of conversion. E.g., Brook Valley Ltd. Partnership v. Mutual of Omaha Bank, 825 N.W.2d 779, 787 (Neb. 2013) ("Conversion is 'any unauthorized or wrongful act of dominion exerted over another's property which deprives the owner of his property permanently or for an indefinite period of time.'" (citation omitted)).

---

[3] To be clear, my decision does not mean that Bryan McFarland cannot re-submit his exhibits at some later time (e.g., in support of a motion for summary judgment).

**IT IS ORDERED** that the defendant's motion to dismiss, (ECF No. 13), is denied.

Dated July 26, 2013.

BY THE COURT

_____

Warren K. Urbom
United States Senior District Judge